UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00387-RJC

| | |
|---|---|
| SHELLEY RENEE DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 13, 15). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

I. BACKGROUND

Plaintiff Shelley Renee Dalton ("Dalton") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Dalton filed her applications for disability insurance benefits and supplemental security income on May 8, 2018, with an alleged onset date of April 6, 2018. (Tr.[1] 48).

In denying Dalton's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 50-57). At step one, the ALJ found that Dalton had not engaged in substantial gainful activity since the alleged onset date. (*Id.* at 50). At step two, the ALJ found that Dalton

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 9.

had the following combination of severe impairments: ischemic heart disease, status post coronary artery bypass graft surgery, fibromyalgia, back pain with history of compression fracture, diabetes, residuals of right knee surgery, depression and anxiety. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 51-52). Before moving to step four, the ALJ found that Dalton had the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with occasional climbing ramps and stairs and no climbing ladders and ropes and scaffolds, no concentrated exposure to vibration or to hazards, able to understand, remember and carry out simple instructions and can sustain concentration and persistence on simple tasks for two hour periods over an eight-hour workday, can tolerate occasional interaction with others, and can adapt to routine changes in a work setting.

(*Id.* at 52-53). At step four, the ALJ found that Dalton could not perform any past relevant work, but found at step five that Dalton could perform jobs that existed in significant numbers in the national economy. (*Id.* at 55-56).

After exhausting her administrative remedies, Dalton brought the instant action for review of Defendant's decision denying her application for disability benefits. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

2

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Dalton argues that the ALJ failed to give appropriate weight to the opinion of Dr. Fiore and failed to adequately consider certain medical records. In response, Defendant argues that the ALJ's decision is supported by substantial evidence.

For applications filed after March 27, 2017, ALJs "will not defer or give any specific

3

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Instead, ALJs focus on the persuasiveness of the medical opinions while considering five regulatory factors. Of the five factors, an ALJ need only explain how he considered the factors of supportability and consistency. *Id.* at § 404.1520c(b)(2).

Here, Dr. Fiore conducted a psychological examination of Plaintiff in July 2018. He opined that Dalton "is able to understand, retain and follow simple work related instructions but would have moderately to severe interference with her ability to attend work regularly, maintain adequate pace and persistence and maintain adequate concentration on job tasks . . . [and] has mild problems relating to fellow workers and supervisors due to her anxiety and depression." (Tr. 54). After reviewing the entire record, the ALJ found Dr. Fiore's opinion unpersuasive, explaining:

> The undersigned does not find the opinion of Dr. Fiore at Exhibit 24F persuasive. Her heart condition exacerbates her anxiety as he found. However, Dr. Fiore performed his evaluation a few months after her heart surgery that was complicated by pericardial effusion. The undersigned recognizes she still has anxiety, but her heart condition has stabilized. Therefore, the undersigned finds Dr. Fiore's limitations no longer apply.

(*Id.* at 55). Instead, the ALJ found the state agency assessment opinion of Dr. Fox persuasive, who had the benefit of Dr. Fiore's opinion but concluded Dalton "appears capable of performing SRRTs in a stable, low pressure, non-production setting [with] a low level of interpersonal demands and public contact." (*Id.* at 108). The ALJ followed the new standard and explained his conclusion by "build[ing] an accurate logical bridge from the evidence to his conclusion"—explaining that he found Dr. Fiore's opinion unpersuasive because his examination was close in time to complications Dalton had with a condition that exacerbated her anxiety which had stabilized. In addition, Dr. Fiore's opinion conflicted with Dr. Fox's opinion which the ALJ found persuasive. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir.

4

2005) (explaining when reviewing for substantial evidence courts do not reweigh conflicting evidence or make credibility determinations).

Additionally, ALJs are "not required to discuss all evidence in the record . . . [r]ather, the ALJ must provide this Court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Aytch v. Astrue*, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010). The ALJ did not err by failing to specifically discuss the medical records from treatment by Dr. Kiratzis, which do not contain opinions as to Dalton's work limitations. In reaching his conclusion, the ALJ discussed evidence that supported a disability finding as well as evidence that supported a nondisability finding, including medical evidence and Dalton's testimony. He was not required to discuss each piece of evidence in the record and he sufficiently explained his conclusion based on the evidence.

Dalton argues her case is similar to *Boone v. Saul*, No. 1:20-CV-00094-GCM-DCK, 2021 WL 1667228 (W.D.N.C. Apr. 28, 2021) (Mullen, J.). However, *Boone* is distinguishable. In *Boone*, the ALJ found at step two of the five step sequential evaluation process that the plaintiff had non-severe mental limitations, but when assessing the plaintiff's RFC the ALJ did not discuss the plaintiff's mental limitations and did not incorporate any mental limitations in the plaintiff's RFC. *Id.* The court noted "RFC assessments must discuss severe and non-severe limitations, as well as the Plaintiff's testimony regarding the intensity, persistence and limiting effects of Plaintiff's symptoms." *Id.* The court remanded because the ALJ did not discuss the plaintiff's mental limitations and the court was "left to guess how the ALJ concluded that Plaintiff's non-severe mental limitations and alleged symptoms did not translate into a work-related limitation." *Id.* Here, unlike *Boone*, the ALJ discussed Dalton's mental limitations and her testimony when assessing Dalton's RFC. He considered Dr. Fiore and Dr. Fox's opinions regarding Dalton's

5

mental limitations and found Dr. Fox's more persuasive. Indeed, the ALJ's determination of Dalton's RFC explains her mental limitations, concluding Dalton is "able to understand, remember and carry out simple instructions" and "can sustain concentration and persistence on simple tasks for two hour periods over an eight-hour workday" and "can tolerate occasional interactions with others" and "can adapt to routine changes in a work setting." (Tr. 52-53). In sum, the ALJ provided an accurate logical bridge from the evidence to his conclusion which is supported by substantial evidence.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 23, 2022

Robert J. Conrad, Jr.
United States District Judge